ANNE M. BEVINGTON (SBN 111320)
SHAAMINI A. BABU (SBN 230704)
ANJULI M. CARGAIN (SBN 270546)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
abevington@sjlawcorp.com
sbabu@sjlawcorp.com
acargain@sjlawcorp.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENSION PLAN FOR PENSION TRUST FUND FOR OPERATING ENGINEERS; RICHARD PIOMBO and RUSSELL E. BURNS, as Trustees,<br><br>Plaintiffs,<br><br>vs.<br><br>VALLEY ISLE EQUIPMENT RENTAL, INC., CHARLIE'S UNDERGROUND AND INSTALLATION AND CONSTRUCTION, INC., CHARLES R. RODRIGUES, an Individual; and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT** |

### INTRODUCTION

This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C §§1001-1461 (1982). In order to protect plan participants and the Federal Pension Benefit Guaranty Corporation, effective September 26, 1980, Congress created withdrawal liability for employers that withdraw from multiemployer pension plans. Due to the importance Congress attributed to those goals, it included two special provisions not generally available to creditors to ensure that withdrawal liability could actually be collected.

1

Under ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1), all trades or businesses under common control are to be treated as a single employer. As stated by the Ninth Circuit in *Bd. of Trs. of W. Conf. Pension Trust Fund* v. *H.F. Johnson, Inc.*, 830 F.2d 1009, 1013 (9th Cir. 1987), the purpose of this provision was "to prevent businesses from shirking their ERISA obligations by fractionalizing operations into many separate entities." The Ninth Circuit again emphasized in *Bd. of Trs. of W. Conf. Pension Trust Fund* v. *LaFrenz*, 837 F.2d 892, 894 (9th Cir. 1988) that "the point of section 1301(b)(1) is simply to prevent the controlling group of a company from avoiding withdrawal liability by shifting corporate assets into other business ventures under its control."

Defendant Valley Isle Equipment Rental, Inc. ("VIER") is incorporated in Hawaii and was a participating employer in the Pension Plan for Pension Trust Fund for Operating Engineers ("Plan"). On August 1, 2010, Defendant VIER withdrew from participation in the Plan which thereby triggered the Plan to assess withdrawal liability against Defendant VIER and all members of its controlled group, for the sum of $1,065,324.00, under ERISA §4203, 29 U.S.C. §1383. By letter dated January 26, 2015, ("Assessment"), Plaintiffs notified Defendants VIER, Charlie's Underground Installation and Construction, Inc. ("CUIC"), their principal Charles R. Rodrigues ("Rodrigues"), and all members of VIER's controlled group of the assessed withdrawal liability. On June 15, 2015, Plaintiffs notified Defendants and all members of VIER's controlled group in writing that VIER and its controlled group would be in default if they failed to cure their delinquent installment payments within sixty (60) days pursuant to ERISA §4219(c)(5), 29 U.S.C. §1399(c)(5).

Defendant CUIC is incorporated in Hawaii and is not a participating employer in the Plan. Defendant Rodrigues is the sole shareholder of CUIC. Defendant Rodrigues, CUIC and VIER are within the same controlled group and thus are jointly and severally liable for the withdrawal liability.

Defendant Rodrigues and his spouse are the owners of real property located at 138 Kio Loop, Kihei, HI 96753 ("Kihei Property"). Defendants VIER and CUIC operated at the Kihei Property. Therefore, Defendant Rodrigues operated a trade or business consisting of real estate

leasing related to the Kihei Property (referred to herein as the "Kihei Commercial Leasing Partnership"). Defendants VIER and Rodrigues, as the 100% owner of the Kihei Commercial Leasing Partnership, are within the same controlled group and thus are jointly and severally liable for the withdrawal liability.

As of the filing of this Complaint, Defendants are in default on the outstanding withdrawal liability. Plaintiffs therefore, seek a money judgment against Defendants VIER, CUIC, and Rodrigues, as an individual, and each member of Defendant VIER's controlled group for an award of the entire assessed withdrawal liability less any credits for recoveries received prior to judgment, plus interest, liquidated damages, attorneys' fees and costs. Plaintiffs also seek injunctive relief against Defendants VIER, CUIC, and Rodrigues, for failure to provide adequate information relating to any members of Defendant VIER's controlled group under ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1), and any transactions to evade its withdrawal liability under ERISA §4212, 29 U.S.C. §1392.

## PARTIES

1. The Plan is an employee benefit plan as defined in ERISA §3(3), 29 U.S.C. §1002(3), an "employee benefit pension plan" as defined in of ERISA §3(2), 29 §U.S.C. 1002(2); and a "multiemployer plan" as defined in ERISA §§ 3(37) and 4001(a)(3), 29 U.S.C. §§1002(37) and 1301(a)(3). The Plan is jointly administered and is maintained pursuant to the Labor Management Relations Act §302(c), 29 U.S.C. §186(c).

2. Plaintiffs Richard Piombo and Russell E. Burns are members of the Board of Trustees of Plan, the "plan sponsor" within the meaning of ERISA §§3(16)(B)(iii) and 4001(a)(10)(A), 29 U.S.C. §§1002(16)(B)(iii) and 1301(a)(10)(A). They are therefore, fiduciaries of the Plan under ERISA §§3(21)(A) and 402(a), 29 U.S.C. §1002(a). As Trustees of the Plan, they are empowered to bring this action on behalf of the Plan pursuant to ERISA §4301(a)(1) - (b) and §502(a)(3), 29 U.S.C. §§1132(a)(3) and 1451(a)(1) - (b).

3. Defendant VIER is a Hawaii corporation with its principal place of business located at the Kihei Property. Defendant VIER is an employer within the meaning of ERISA §3(5), 29 U.S.C. §1002(5) and National Labor Relations Act ("NLRA") §2(2), 29 U.S.C.

§152(2), and is engaged in an industry affecting commerce within the meaning of ERISA §§3(11) and (12), 29 U.S.C. §§1002(11) and (12).

4. Plaintiffs are informed and believe that, at all relevant times, Defendant Rodrigues owned 80% or more of the voting shares of Defendant VIER.

5. Defendant CUIC is a Hawaii corporation with its principal place of business located at the Kihei Property. Defendant CUIC is an employer within the meaning of ERISA §3(5), 29 U.S.C. §1002(5) and National Labor Relations Act ("NLRA") §2(2), 29 U.S.C. §152(2), and is engaged in an industry affecting commerce within the meaning of ERISA §§3(11) and (12), 29 U.S.C. §§1002(11) and (12).

6. Plaintiffs are informed and believe that, at all relevant times, Defendant Rodrigues owned 80% or more of the voting shares of Defendant CUIC. Thus, Defendants VIER and CUIC are treated as a single employer under common control and are jointly and severally liable for Defendant VIER's withdrawal liability pursuant to ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1).

7. Plaintiffs are informed and believe that, at all relevant times, Defendant Rodrigues owned and operated a trade or business by leasing the Kihei Property to Defendants VIER and CUIC. Plaintiffs believe that, at all relevant times, Rodrigues and his spouse owned a 100% interest in the Kihei Property and therefore the Kihei Property is owned 100% by Charles Rodrigues as a result of spousal attribution. ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1), and 26 C.F.R. 1.414(c)-4(b). Thus, Defendants VIER and the Kihei Commercial Leasing Partnership are treated as a single employer under common control and are jointly and severally liable for Defendant VIER's withdrawal liability pursuant to ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1).

8. Defendants DOES 1 through 10 are entities and/or other persons that are within the same controlled group as Defendant VIER under ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1). Defendants VIER, CUIC, and Rodrigues have failed to provide sufficient information regarding the identities of entities and persons within the same controlled group as Defendant VIER as requested by Plaintiffs in accordance with ERISA §4219(a), 29 U.S.C. §1399(a). Thus, Plaintiffs presently do not know the identities of such entities or persons.

4

Plaintiffs are using fictitious names for the Defendants because Plaintiffs are unable to ascertain their true identity at this time. Pursuant to Fed. R. Civ. Proc. 15(a), Plaintiffs will amend the Complaint to add the true name of the additional defendants once their identities are discovered.

## JURISDICTION

9.  Jurisdiction is conferred upon this Court over the claims asserted by the Plaintiffs by virtue of ERISA §§4301(c) and 502(e)(1) and (f) of ERISA, 29 U.S.C. §§1451(c) and 1132(e)(1) and (f). Plaintiffs seek to enforce the provisions of ERISA and the terms of the Plan, redress Defendants' violations of ERISA, and all other appropriate legal or equitable relief under ERISA.

## VENUE

10. Venue is conferred upon this Court by ERISA §§4301(c) and 502(e)(1), 29 U.S.C. §§1451(d) and 1132(e)(2). Where an action is brought under ERISA §§4301 and 502, 29 U.S.C. §§1451 and 1132 in a district court of the United States, it may be brought at Plaintiffs' discretion, in the district where the Plan is administered, where the breach took place, or where a defendant resides or may be found. Process may be served nationwide in any district where a defendant resides or may be found. The Plan, on whose behalf the Trustees brings this action, is administered in this district at its principal place of business in Alameda, California. Thus, jurisdiction and venue are properly grounded with this Court.

## FACTUAL ALLEGATIONS

11. Defendant VIER was a participating employer in the Plan pursuant to a collective bargaining agreement ("Bargaining Agreement") with the Operating Engineers Local Union 3 ("Union"). The Union is a labor organization as defined in of the NLRA §2(5), 29 U.S.C. §152(5) that represents employees in an industry affecting interstate commerce. Defendant LCPI was obligated to and did make contributions to the Plan on behalf of their employees that were covered under that Bargaining Agreement.

12. On August 10, 2010, Defendant VIER made a complete withdrawal under ERISA §4203, 29 U.S.C. §1383, from participation in the Plan.

13. By written notice dated January 26, 2015, Plaintiffs notified Defendants VIER,

CUIC, and Rodrigues, and all members of VIER's controlled group, of the withdrawal liability assessed pursuant to ERISA §§4201-4203, 29 U.S.C. §§1381, et seq. Specifically, the Plan notified Defendants of the following in its notice dated January 26, 2015, which is attached hereto as Exhibit 1:

    (a)    The Plan had a fiscal year running from January 1 through December 31 and therefore, the withdrawal liability is calculated as of December 31, 2009, as required by ERISA §4211(b)(2)(A), 29 U.S.C. §1391(b)(2)(A).

    (b)    The withdrawal liability of Defendant VIER in the amount of $1,065,324.00 could be paid lump sum or in quarterly installments as follows:

| Amount | Date |
|---|---|
| $58,657.01 | March 1, 2015 |
| $58,657.01 | June 1, 2015 |
| $58,657.01 | September 1, 2015 |
| $58,657.01 | December 1, 2015 |
| $58,657.01 | each successive quarter through March 1, 2020 |
| $3,204.08 | June 1, 2020 |

    (c)    Defendants had the option of challenging the calculation of the withdrawal liability by requesting review within ninety (90) days from receiving the notice of the withdrawal liability assessment as provided by ERISA §4219(b)(2), 29 U.S.C. §1399(b)(2).

    (d)    Any dispute concerning a determination of withdrawal liability must be resolved through arbitration provided that the employer requested review and arbitration was timely initiated under ERISA §4221(a), 29 U.S.C. §1401(a).

    (e)    Information and documents regarding all trades and businesses under common control with Defendant VIER were required to be provided within thirty (30) days pursuant to ERISA §4219(a), 29 U.S.C. §1399(a).

14. In order to initiate arbitration under section ERISA §4221(a)(1), 29 U.S.C. §1401(a), an employer must first request review of the assessed withdrawal liability. Section XIV of the Plan's Withdrawal Liability Procedures mirrors ERISA §4219(b)(2)(A), 29 U.S.C. §1399(b)(2)(A) which requires an employer's request for review to be in writing. VIER, CUIC, and Rodrigues, as an individual, failed to request review, and therefore they are precluded from initiating arbitration, and the time to do so has expired.

15. Defendants failed to make any of the required quarterly installment payments or provide sufficient information regarding controlled group members.

16. On June 15, 2015, Plaintiffs notified Defendants in writing that Defendants would be in default if they failed to cure their delinquent installment payments within sixty (60) days pursuant to ERISA. As of the filing of this Complaint, Defendants failed to cure the delinquency and thus, are in default under ERISA §4219(c)(5).

## FIRST CAUSE OF ACTION
### Against Defendants for Violation of ERISA §4219, 29 U.S.C. §1381: Request for Payment of Withdrawal Liability, Interest, Liquidated Damages, Attorneys' Fees and Costs

17. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 16, above.

18. On August 1, 2010, Defendant VIER made a "complete withdrawal" from the Plan as that term is defined in ERISA §4203, 29 U.S.C. §1383, et seq.

19. Plaintiffs are informed and believe that, at all relevant times, Defendant Rodrigues owned 80% or more of the voting shares of Defendant VIER.

20. Plaintiffs are informed and believe that, at all relevant times, Defendant Rodrigues owned 80% or more of the voting shares of Defendant CUIC. Thus, Defendants VIER and CUIC are treated as a single employer under common control and are jointly and severally liable for Defendant VIER's withdrawal liability pursuant to ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1).

21. Rodrigues, as an individual, owned and operated a trade or business by leasing the Kihei Property to VIER and CUIC. Thus, VIER and the Kihei Commercial Leasing Partnership are treated as a single employer under common control and are jointly and severally liable for Defendant VIER's withdrawal liability pursuant to ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1).

22. On January 26, 2015, Plaintiffs assessed withdrawal liability against Defendants VIER, CUIC, Rodrigues, and all members of VIER's controlled group.

23. To date, the delinquent quarterly installment payments have not been received by the Plan from Defendants. In addition, Defendants failed to cure their delinquent installment payments within sixty (60) days after written notice from the Plan and therefore are in default

under ERISA §4219(c)(5), 29 U.S.C. §1399(c)(5), and the entire unpaid withdrawal liability, plus accrued interest on the entire unpaid amount from March 1, 2015, is due.

24. Accordingly, Plaintiffs seek judgment against Defendants for the entire amount of the unpaid withdrawal liability of $1,065,324.00, plus accrued interest from the due date of the first delinquent payment pursuant to ERISA §§4219(c)(5) and 502(g)(2), 29 U.S.C. §§1399(c)(5) and 1132(g)(2).

25. ERISA §4301(b), 29 U.S.C. §1451(b) provides that an action involving an employer's failure to timely make withdrawal liability payments shall be treated in the same manner as a delinquent contribution within the meaning of ERISA §515, 29 U.S.C. §1145. Thus, Defendants are also liable for liquidated damages and costs, including reasonable attorneys' fees, pursuant to ERISA §§4301(b) and 502(g)(2), 29 U.S.C. §§1301(b) and 1132(g)(2). The Plan provides for interest at the rate of 10% simple interest per annum and for liquidated damages in an amount equal to the greater of interest or 20% of the unpaid withdrawal liability.

26. Plaintiffs, therefore, seek a money judgment against Defendants for an award of the entire balance of the unpaid withdrawal liability less any credits for recoveries received before the time of judgment, plus interest, an amount equal to the greater of liquidated damages or interest, and costs, including attorneys' fees.

## SECOND CAUSE OF ACTION
### Against Defendants for Violation of ERISA §4219(a), 29 U.S.C. §1399(a): Failure to Provide Required Information under ERISA

27. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 26, above.

28. In violation of ERISA §4219(a), 29 U.S.C. §1399(a), Defendants have failed to provide the Plan with all necessary information relating to any member within Defendant VIER's controlled group under ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1) and any transactions to evade its withdrawal liability under ERISA §4212, 29 U.S.C. §1392.

29. The failure of Defendants to make the quarterly withdrawal liability payments and provide information regarding controlled group members in accordance with ERISA §4219(c)(2), 29 U.S.C. §1399(c)(2) has caused the Plan to sustain loss of investment income and

8

incur administrative and legal expenses.

30. Defendants' failure to comply with the law has caused the Plan to suffer immediate, continuing, and irreparable injury, and Plaintiffs are without an adequate remedy at law.

31. Due to Defendants' failure to provide sufficient information, Plaintiffs are required to name its unknown controlled group members and parties who engaged in transactions to evade its withdrawal liability as fictitious defendants until their true identities can be discovered.

32. Thus, injunctive relief as prayed for below is proper.

## PRAYER

WHEREFORE, Plaintiffs pray for the following relief:

1. For a judgment providing that Defendants as well as all other members of Defendant VIER's controlled group are jointly and severally liable to immediately pay to Plaintiffs the following sums:

   (i) The unpaid withdrawal liability of $1,065,324.00, less any credits for recoveries received before the time of judgment;

   (ii) Interest at the rate of 10% simple interest per annum pursuant to ERISA §§4219(c)(5)-(6) and 502(g)(2), 29 U.S.C. §§1399(c)(5) and (6) and 1132(g)(2);

   (iii) Pursuant to ERISA § 502(g)(2)(C), 29 U.S.C. § 1132(g)(2)(C), liquidated damages equal to the greater of:

   (a) The accrued interest on the unpaid withdrawal liability at the time of judgment, or

   (b) An amount equal to twenty percent (20%) of the amount of unpaid withdrawal liability; and

   (iv) Attorneys' fees and costs incurred by Plaintiffs in connection with this action as permitted by ERISA §§4301(e) and 502(g), 29 U.S.C. §§1451(e) and 1132(g).

2. For injunctive relief ordering Defendants to provide documentation of all trades or businesses which are within VIER's controlled group as defined in ERISA §4001(b)(1), 29

1  U.S.C. §1301(b), and any transactions to evade its withdrawal liability under ERISA §4212, 29
2  U.S.C. §1392.
3      3.   Such other relief as this Court deems appropriate.

5  Dated: January 14, 2016                    SALTZMAN & JOHNSON
                                              LAW CORPORATION

                                         By:  /S/ Anjuli M. Cargain
                                              Anjuli M. Cargain
                                              Attorneys for Plaintiffs

P:\CLIENTS\OE3WL\CASES\Valley Isle Equipment Rental Inc\Complaint\Complaint AC 110215-draft use.doc                    COMPLAINT